IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RUFUS SIMS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:09-cv-279-DRH-DGW |
| W.A. SHERROD, | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATIONS**

Chief United States District Judge David R. Herndon has referred this matter to United States Magistrate Judge Donald G. Wilkerson pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for Writ of Habeas Corpus (Doc. 1) and the Motion for Bail (Doc. 21) filed by Petitioner Rufus Sims. For the reasons set forth below, it is **RECOMMENDED** that the petition be **DISMISSED** for lack of jurisdiction, that the Motion for Bail be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

In 1995, Petitioner Rufus Sims was convicted by a jury in the Northern District of Illinois of one count of conspiracy to launder money and illegally structure transactions, in violation of 18 U.S.C. § 371; five counts which charged specific acts of money laundering; and three counts which charged specific acts of illegally structuring transactions. The jury acquitted Sims of one money laundering count, one illegal structuring count, one drug conspiracy count, one count brought under the Racketeer Influenced and Corrupt Organizations Act (RICO), one count which charged violent crimes in aid of the racketeering organization, two counts of possession and

distribution of cocaine, and one count of possession and distribution of heroin. *United States v. Sims*, 144 F.3d 1082, 1083 (7th Cir. 1998). The trial court sentenced Sims to 327 months imprisonment. Sims appealed, arguing that the jury's acquittal on the drug counts required reversal of the money laundering counts based on the underlying drug transactions. The Court of Appeals for the Seventh Circuit disagreed and affirmed the convictions, citing *United States v. Powell*, 469 U.S. 57 (1984), for the proposition that "inconsistent verdicts in criminal cases do not give rise to a right to a new trial or a right to an acquittal on a related count." *Sims*, 144 F.3d at 1084.

In 1999, Sims filed a motion pursuant to 28 U.S.C. § 2255 in the trial court, arguing ineffective assistance of both trial and appellate counsel. The trial court denied the motion. The Seventh Circuit denied a certificate of appealability. *United States v. Sims*, Case No. 08-3837 (7th Cir. January 6, 2009). In 2002, Sims filed a Fed. R. Civ. P. Rule 60(b) motion regarding ineffective assistance of counsel, which the trial court also denied. Construing the motion as an unauthorized second or successive section 2255 petition, the Court of Appeals vacated the district court's judgment with instructions to dismiss the motion for lack of jurisdiction. *Id.*

In 2006, Sims filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Central District of California, where he was incarcerated at the time. Sims argued that his trial and appellate counsel were ineffective. The court dismissed the petition for lack of jurisdiction, construing it as an unauthorized section 2255 motion. *Sims v. Conley*, Case No. 04-3964 (C.D. Ca. March 2, 2006).

In September 2007, Sims filed another Rule 60(b) motion in the trial court asking, essentially, for a second chance to file a petition pursuant to section 2255 on the basis of

ineffective assistance of counsel. He also sought amendment of his sentence under 18 U.S.C. § 3582. The district court dismissed the motion for lack of jurisdiction as a second or successive petition and denied the section 3582 motion on the merits. The Seventh Circuit denied a certificate of appealability on the second or successive petition and affirmed the trial court's denial of the section 3582 motion. *Sims*, 08-3837 (7th Cir. January 6, 2009).

Sims filed the instant petition in this Court on April 10, 2009, seeking release from incarceration. Sims argues that he is actually innocent of the offenses charged and is therefore entitled to review of his claims under the savings clause of § 2255. Sims bases his actual innocence claim on the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008).

*Motion for Bail*

In a motion filed November 2, 2011, Sims seeks release during the pendency of the action pursuant to a Third Circuit case, *Landano v. Rafferty*, 970 F.2d 1230 (3d Cir. 1992).

### CONCLUSIONS OF LAW

*Legal Standards*

Generally, applications for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). An inmate under sentence of a federal court may properly challenge his conviction and sentence by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, in the court which imposed the sentence. The statute limits an inmate to one challenge of his conviction and sentence under § 2255. An inmate may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly

discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

For prisoners who are unable to meet the burden of bringing forth either newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court, section 2255 contains a "savings clause" which may allow for challenge of a conviction or sentence under 28 U.S.C. § 2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In other words, § 2255 is inadequate or ineffective when "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). In this circuit, to demonstrate the inadequacy or ineffectiveness of § 2255, a petitioner must show, first, that his legal theory is based upon a change in law post-dating his first § 2255 motion and "elud[ing] the permission in section 2255 for successive motions." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (quoting *Davenport*, 147 F.3d at 611). Second, a petitioner must demonstrate that his theory "supports a non-frivolous claim of actual innocence." *Kramer*, 347 F.3d at 217.

***Santos* post-dates Sims' first § 2255 motion, and § 2255 precludes a successive motion.**

Sims, who was convicted in the Northern District of Illinois, has already received one

4

round of collateral review under § 2255 in that court. As such, any second or successive challenge to his conviction and sentence is barred by § 2255(e) unless Sims receives prior certification from the Seventh Circuit Court of Appeals that his motion contains either newly discovered evidence or that the Supreme Court has made retroactive on collateral review a new rule of constitutional law.

Sims argues that the Supreme Court's holding in *United States v. Santos*, 553 U.S. 507 (2008), renders him actually innocent and therefore eligible to use the savings clause to bring a legal challenge under § 2241.

Assuming *Santos* set forth a new rule of constitutional law (a premise which is debatable), the *Santos* opinion does not specify that its holding is to apply retroactively upon collateral review. This Court's review of Supreme Court cases to date does not reveal any such holding by the high court. Nor has the Seventh Circuit found *Santos* retroactive. Absent a holding of the Supreme Court that *Santos* is retroactive to cases on collateral review or a presentation of newly discovered evidence (which Sims does not argue), Sims may not obtain a certification of the Court of Appeals for the Seventh Circuit to allow him to file a second or successive § 2255 motion in the trial court. Thus, Sims has met the first prong of the test set forth in *Kramer*. The *Santos* decision post-dates Sims' first § 2255 motion, and because it has not been held retroactive on collateral review, Sims *Santos*-based argument "eludes the permission in section 2255 for successive motions." *Kramer*, 347 F.3d at 217.

### *Santos* does not establish that Sims is actually innocent.

Under *Kramer*, however, Sims must also show that *Santos* "supports a non-frivolous claim of actual innocence." 347 F.3d at 217.

Sims argues that *Santos* overruled *United States v. Powell*, 469 U.S. 57 (1984) and urges that he "is actually innocent of money laundering charges because without a conviction of any of the predicate offenses there were no proceeds or specified unlawful activity to support the money laundering offenses" (Doc. 1, p. 5). Sims raised a similar argument on direct appeal, which the Seventh Circuit denied based on *Powell*.

Sims wrongly interprets *Santos*. *Santos* does not stand for the proposition urged by Sims, that money laundering charges must be reversed when they are based upon drug transactions of which Sims was acquitted. In *Santos*, the Supreme Court determined that the term "proceeds" in the federal money laundering statute (18 U.S.C. § 1956) meant profits from illegal activity, not gross receipts. Four justices (Justices Scalia, Souter, Thomas, and Ginsburg) found Congress's use of "proceeds" ambiguous. Justice Scalia, writing for the majority, applied the rule of lenity, by which ambiguous criminal laws are interpreted in favor of defendants. Justice Stevens wrote separately concurring in the judgment that proceeds meant "profits" not "gross receipts." Stevens, however, did not agree that "proceeds" meant profits in every situation. Thus, the holding of a majority of justices was limited to application to the underlying offense in *Santo*s: illegal gambling operations. Four justices dissented (Chief Justice Roberts and Justices Alito, Kennedy, and Breyer), believing "proceeds" to mean gross receipts, not net income.

Congress overruled *Santos* in 2009 by amending 18 U.S.C. § 1956 to redefine "proceeds" to include "gross receipts." *See* 18 U.S.C. § 1956(c)(9) (defining proceeds as "any property derived from or obtained or retained, directly or indirectly through some form of unlawful activity, including the gross receipts of such activity").

Sims makes no showing that the sentencing court in his case improperly interpreted

"proceeds" to mean "gross receipts" when it should have considered proceeds to mean only "profits." Sims' argument—that the money laundering convictions should be reversed because he was acquitted on the underlying drug charges—has already been denied by the Seventh Circuit Court of Appeals. *See United States v. Sims*, 144 F.3d 1082 (7th Cir. 1998). No intervening change in the law has occurred to alter this holding. On the contrary, the Supreme Court's holding in *Powell* remains good law. *See United States v. Pisman*, 443 F.3d 912 (7th Cir. 2006).

Accordingly, *Santos* does not support a non-frivolous argument that Sims is actually innocent of the money laundering offenses. In fact, *Santos* does not even speak to the issue. Absent a showing of actual innocence, Sims may not proceed under the savings clause of § 2255. *See Kramer*, 347 F.3d at 217. His petition is an unauthorized second or successive § 2255 motion, which this Court lacks jurisdiction to rule upon. Sims can obtain no relief from this Court under 28 U.S.C. § 2241. It is accordingly recommended that the petition be **DISMISSED** for lack of jurisdiction.

*Motion for Bail*

Because there is no merit to Sims' argument that *Santos* suggests he is actually innocent, his Motion for Bail pending adjudication of the petition should be **DENIED**.

## CONCLUSION

Therefore, based on all the foregoing, it is **RECOMMENDED** that the Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED** for lack of jurisdiction, the Motion for Bail (Doc. 21) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to

file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 14, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**