IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RUFUS SIMS,**

    **Petitioner,**

**v.**

**RUSSELL PURDUE, Warden,**
**FCI Gilmer,**[1]

    **Respondent.**                              **Case No. 09-cv-279-DRH-DGW**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.  Introduction

Before the Court is a Report and Recommendation (R&R) (Doc. 22) of United States Magistrate Donald G. Wilkerson, issued pursuant to 28 U.S.C. § 636(b)(1)(B), FEDERAL RULE OF CIVIL PROCEDURE 72(b), and SDIL-LR 72.1(a), recommending dismissal of petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus (Doc. 1) for lack of jurisdiction, and denial of petitioner's motion for bail (Doc. 21).  The R&R was sent to the parties, with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service of the R&R.  In accordance with the notice, petitioner filed timely objections to the R&R (Docs. 23, 24).  Because petitioner filed timely objections, this Court must

---

[1] Petitioner currently resides at FCI Gilmer. Thus, Russell Purdue is substituted as respondent. *See* FED. R. CIV. P. 25(d).

undertake *de novo* review of the objected-to portions of the R&R. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject, or modify the recommended decision." *Willis*, 199 F.3d at 904. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id.* However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objection has been made. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R.

## II. Background

Petitioner does not object to the R&R's findings of fact, and finding no error, the Court adopts them as its own. Thus, the Court shall not detail the history of petitioner's previously filed Section 2255, Rule 60(b), and Section 2241 motions. However, the Court shall briefly recite the underlying factual issues relevant solely to this Court's *de novo* review of the R&R's ultimate legal conclusion. In 1995, a jury in the Northern District of Illinois convicted petitioner of one count of conspiracy to launder money and illegally to structure transactions, in violation of 18 U.S.C. § 371; five counts which charged specific acts of money laundering under 18 U.S.C. §§ 1956(a)(1)(B)(i) and (ii); and three counts which charged specific acts of illegally structuring transactions, all stemming from petitioner's drug operations. This same jury acquitted petitioner

of one money laundering count, one illegal structuring count, a drug conspiracy count, a count charging a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), one count charging violent crimes in aid of the racketeering organization, two counts of possession and distribution of cocaine, and one count of possession and distribution of heroin. *See United States v. Sims,* 144 F.3d 1082, 1083 (7th Cir. 1998).

The trial court sentenced petitioner to 327 months imprisonment. Although petitioner argued the jury's acquittal on the drug counts required reversal of the money laundering counts based on the underlying drug transactions, the Seventh Circuit affirmed his convictions. *Id.* (citing *United States v. Powell,* 469 U.S. 57 (1984) (stating, "*Powell* therefore stands for the proposition that inconsistent verdicts in criminal cases do not give rise to a right to new trial or to an acquittal on a related count")).

Petitioner filed the instant petition in this Court on March 28, 2009, seeking release from incarceration, as he argues he is actually innocent of the offenses charged. Thus, he is entitled to review under the "savings clause" of Section 2255. As the basis of his instant petition, petitioner relies on *United States v. Santos,* 553 U.S. 507 (2008) (*Santos II*), *affirming Santos v. United States,* 461 F.3d 886 (7th Cir. 2006) (*Santos I*).

### III. Law and Application

Petitioner objects to the R&R's legal conclusion that petitioner has not demonstrated a claim sufficient to satisfy the requirements of Section 2255's

"savings clause." Thus, the Court reviews this finding *de novo.* Instantly, petitioner claims reliance on the Supreme Court's decision in *Santos II*, interpreting the meaning of "proceeds" under 18 U.S.C. § 1956(a)(1). Section 1956(a)(1) states,

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity--
>
> (A)(i) with the intent to promote the carrying on of specified unlawful activity; or
>
> . . .
>
> (B) knowing that the transaction is designed in whole or in part—
>
>     (i)    to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or
>
>     (ii)    to avoid a transaction reporting requirement under State or Federal law[2]

In *Santos II* the issue was whether "proceeds" should be read broadly to mean "receipts" of specified unlawful activity or narrowly to include only the "profits" of such activity. 553 U.S. at 509. Santos was convicted of operating an illegal gambling (lottery) business in violation of 18 U.S.C. § 1955, as well as conspiracy to launder money and money laundering involving funds derived from these illegal operations. *Id.* at 509-10. Transactions including payments to individuals who helped Santos run his business, as well as lottery payments, formed the basis of the money laundering conviction. *Id.* A four-justice plurality applied the rule of lenity, concluding the word "proceeds" means "profits" and not

---

[2] As opposed to Santos, petitioner was convicted under 18 U.S.C. § 1956(a)(1)(B)(i) and (ii).

"receipts" in all cases. *Id.* at 510-14. Thus, the plurality determined this definition prevented a "merger problem," as defining "proceeds" as "receipts" would mean nearly every violation of the illegal-lottery statute would necessarily be a violation of the money laundering statute. *Id.* at 515. The act of running a lottery and gambling enterprise would not only violate 18 U.S.C. § 1955, but also the money laundering statute, 18 U.S.C. § 1956. *Id.*

However, Justice Stevens' controlling concurrence declined to "pick a single definition of 'proceeds' applicable to every unlawful activity." *Id.* at 525 (Stevens, J., concurring); *see also United States v. Lee,* 558 F.3d 638, 643 (7th Cir. 2009); *United States v. Aslan,* 644 F.3d 526, 544 (7th Cir. 2011) ("The plurality in *Santos II* acknowledged that Justice Stevens' vote was necessary to the judgment, and noted that the Court's holding was therefore limited to the narrower ground upon which his opinion rested. The plurality and Justice Stevens then disagreed on the characterization of that narrower ground.") (citation omitted). Justice Stevens noted the meaning of "proceeds" turns on whether legislative history indicates Congress intended to include the gross revenues of a specified crime. *Id.* Justice Stevens further stated, "the legislative history of § 1956 makes it clear that Congress intended the term 'proceeds' to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales." *Id.* at 526.[3]

---

[3] Congress overruled *Santos II* in 2009 when it amended 18 U.S.C. § 1956 to define "proceeds" as "gross receipts" in all contexts. *See* 18 U.S.C. § 1956(c)(9). However, because the legislative amendment does not apply retroactively, it does not affect the analysis here. *See United States v. Moreland,* 622 F.3d 1147, 1162 n. 4 (9th Cir. 2010).

Turning to the issue at hand, petitioner must demonstrate Section 2255 is, "inadequate or ineffective to test the legality of his detention," for the Court to entertain his Section 2241 petition. *Unthank v. Jett,* 549 F.3d 534, 535 (7th Cir. 2008) (citing 28 U.S.C. § 2255(e)). "Inadequate or ineffective" means that "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *see also In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998).

As the Seventh Circuit recently reiterated, *Davenport* explained the meaning of "inadequacy," stating, "[a] procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Hill v. Werlinger,* --- F.3d ----, 2012 WL 3573364, * 3 (7th Cir. Aug. 21, 2012) (emphasis in original) (quoting *Davenport,* 147 F.3d at 611).

Importantly, in *Morales v. Bezy,* 499 F.3d 668 (7th Cir. 2007), the court determined, "that the petitioner could not show that his § 2255 remedy was inadequate or ineffective because his claim was not foreclosed by binding precedent," as "'the fact that a position is novel does not allow a prisoner to bypass section 2255 . . . Only if the position is foreclosed (as distinct from not being supported by—from being, in other words, novel) by precedent' is a § 2255 remedy inadequate." *Id.* (quoting *Morales,* 499 F.3d at 672); *see also Davenport,* 147 F.3d at 610 (petitioner had no reasonable opportunity on direct appeal or in

his first 2255 petition to challenge the legality of his conviction where "[t]he law of the circuit was so firmly against him that we have held that in that period defendants in this circuit did not have to raise [the] issue in order to preserve it as a basis for collateral attack later on").

Petitioner argues that his instant *Santos*-based argument was foreclosed to him on direct appeal and during his first Section 2255 petition, as he "faced a solid wall of Seventh Circuit authority and no district court judge bound by Seventh Circuit precedent would [] have entertained petitioner's claim." Assuming petitioner does in fact raise a *Santos*-based argument, as the Seventh Circuit explained in *Morales*, a challenge to a conviction under 18 U.S.C. § 1956(a)(1), alleging it was wrongfully based on gross receipts had no case support until *United States v. Scialabba*, 282 F.3d 475 (7th Cir. 2002). *Morales*, 499 F.3d at 672. Thus, at the time of petitioner's direct appeal and his first section 2255 petition, a *Santos*-based argument was not foreclosed to him. Accordingly, Section 2255 is not inadequate or ineffective to test the legality of his detention.

Regardless, the limited holding of *Santos* does not demonstrate petitioner is actually innocent of his money laundering convictions. *See Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003) (explaining previous cases in which actual innocence was found where the prisoners "could admit everything charged in their indictment, but the conduct no longer amounted to a crime under the statutes (as correctly understood)").

Instantly, petitioner's initial petition argues that *Santos II* holds petitioner, "is actually innocent of money laundering charges because without a conviction of any of the predicate offenses there were no proceeds or specified unlawful activity to support the money laundering offenses." Thus, petitioner is attempting to re-litigate his claim raised on direct appeal; namely, "that his acquittal on the drug conspiracy count necessarily negated all the elements required to sustain a conviction on the substantive money laundering counts." *See Sims,* 144 F.3d at 1083. As explained previously, the Seventh Circuit has rejected petitioner's instant contention, in reliance on *Powell,* 469 U.S. 57 (1984). *Powell* remains good law. *United States v. Pisman,* 443 F.3d 912, 914 (7th Cir. 2006). *Santos II* does not implicate the Seventh Circuit's previous decision upholding his convictions.

Additionally, petitioner's objection contains the conclusory statement, "the government presented no evidence the money alleged to have been laundered were the profits derived from an unlawful activity, as opposed to gross receipts." As petitioner did not raise this argument in his initial petition, respondent was not afforded an opportunity to address this contention. Regardless, as the R&R correctly states, petitioner instantly makes no showing that the sentencing court interpreted "proceeds" to mean "gross receipts."

Moreover, although the Seventh Circuit has not directly addressed the issue post- *Santos II*, in reliance on Stevens' controlling concurrence, numerous circuits have held *Santos*-based arguments are not available when the predicate activity

for the money laundering charge is drug-related. *See Wilson v. Roy*, 643 F.3d 433, 437 (5th Cir. 2011) ("Accordingly, in this case, which involves laundering the proceeds of the sales of illegal drugs, *Santos* does not have the effect of undermining Wilson's money laundering conviction, and thus Wilson cannot satisfy the requirement that he may have been convicted of a nonexistent offense."); *United States v. Quinones*, 635 F.3d 590, 599–600 (2d Cir. 2011) (Justice Stevens's opinion is controlling, and he specifically noted that "proceeds" is not intended to mean "profits" where the predicate offense involves the sale of contraband); *United States v. Smith*, 601 F.3d 530, 544 (6th Cir. 2010) ("As Justice Stevens made clear in his concurring opinion in *Santos*, the predicate offense of conspiracy to distribute cocaine does not fall within the category of offenses for which 'proceeds' means 'profits.'"); *United States v. Webster*, 623 F.3d 901, 906 (9th Cir. 2010) (In drug cases, "proceeds" is not defined as "profits."); *Brace v. United States*, 634 F.3d 1167, 1170 n. 3 (10th Cir. 2011) ("Even if Brace could raise a *Santos* argument, he would not prevail because *Santos* does not hold that 'proceeds' means 'profits' in the context of drug sales." Justice Stevens, the critical fifth vote in *Santos,* explicitly departed from the plurality's conclusion that "'proceeds' means 'profits' in the context of drug sales."). Thus, petitioner has not presented an argument foreclosed from him on direct review or during his first Section 2255 petition. On the contrary, the essence of his instant petition presents an argument heard and rejected on direct

appeal. Moreover, petitioner has not presented a viable claim of actual innocence. Accordingly, the Court **ADOPTS** the R&R in its entirety.[4]

### IV. Conclusion

For the reasons discussed herein, the Court **ADOPTS** the findings of the R&R (Doc. 22) over petitioner's objections (Docs. 23, 24). Thus, petitioner's Section 2241 Habeas Petition (Doc. 1) is **DENIED**. His motion for bail is also **DENIED** (Doc. 21). Accordingly, petitioner's claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 24th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.24 15:38:40 -05'00'

**Chief Judge**
**United States District Court**

---

[4] The Court notes that petitioner does not object to the R&R's denial of his pending motion for bail (Doc. 21). Thus, the Court adopts the R&R's recommendation of denial as its own.